**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

:

**Plaintiff,**

**v.**

**Case Nos. 2:20-cr-95(7), 2:26-cv-903**
**Chief Judge Sarah D. Morrison**

**CHARITY RAWLINS,**

:

**Defendant.**

**OPINION AND ORDER**

This matter is before the Court for an initial screen of the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Charity Rawlins. (ECF No. 734.) For the reasons below, the Motion is **DENIED**.

## I. BACKGROUND

Ms. Rawlins was indicted on two counts: (1) Child Sex Trafficking Conspiracy, in violation of 18 U.S.C. §§ 1591(a)(1)–(2), 1591(b)(1), 1594(c), and 2; and (2) Child Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), and 2. (*See* ECF Nos. 33, 88, 121.) She ultimately entered into a Plea Agreement, in which she pleaded guilty to the Child Sex Trafficking charge and agreed to an appellate waiver. (ECF No. 395.) In December 2022, the Court sentenced her to 210 months' imprisonment followed by a lifetime term of supervised release. (ECF No. 597.) The Court further ordered her to pay $252,215 in restitution, a $5,000 assessment fee under the Justice for Victims of Trafficking Act ("JVTA"), and a $100 special assessment fee. (*Id.*) She did not appeal the Court's judgment, though

she did move for a sentence reduction in March 2024, which the Court denied. (ECF Nos. 686, 690.)

Ms. Rawlins now moves, without the assistance of counsel, to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Mot., ECF No. 734.) In her only ground for relief, she asserts that she should not have to pay the JVTA or special assessment fees because her offense of conviction is not one to which these fees apply. (*Id.*, PAGEID # 6629.)

## II. STANDARD OF REVIEW

Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court must perform an initial review of Ms. Rawlins's Motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [the movant] is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify [the movant]." R. 4(b). On the other hand, "[i]f the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

A petitioner who moves to vacate, set aside, or correct a conviction or sentence pursuant to § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. To obtain relief, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a

"substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). A court may grant relief under § 2255 only if a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted).

## III. ANALYSIS

### A. Timeliness

Except in circumstances not present or asserted in this case, a § 2255 motion to vacate is timely if it is filed within one year of the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where, as here, a defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004).

Here, the Court entered judgment against Ms. Rawlins on December 21, 2022. (ECF No. 597.) She had fourteen days (until January 4, 2023) to appeal, *see* Fed. R. App. P. 4(b)(1)(A)(i), but she did not.[1] Thus, her § 2255 motion was due within a year of that appellate deadline—January 4, 2024. Because she filed the instant Motion on July 13, 2026, it is likely untimely.

[1] Ms. Rawlins states that her trial attorney, Steven Brown, "was supposed to file to get [the fees] lifted." (ECF No. 734, PAGEID # 6629.) She does not, however, indicate that she instructed Attorney Brown (or any other attorney) to appeal the Court's judgment, nor does she raise ineffective assistance of counsel as the basis for her failure to appeal.

A court must give a defendant notice and an opportunity to show cause before it *sua sponte* denies as untimely a § 2255 motion on a Rule 4 screen. *See Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). So, the Court assumes without deciding that the statute of limitations poses no bar to Ms. Rawlins's Motion and continues with the Rule 4 screen because the Motion plainly fails on its merits.

**B. Merits**

Ms. Rawlins's sole ground for relief challenges the Court's imposition of the special assessment and JVTA fees. (Mot., PAGEID # 6629.) But, through her Plea Agreement, she waived her right to collaterally attack her conviction or sentence on any grounds other than ineffective assistance of counsel or prosecutorial misconduct.[2] (ECF No. 395, PAGEID # 1924; *see also* ECF No. 597 (imposing a sentence below the statutory maximum).) Therefore, even if the Court construes her ground for relief as raising cognizable constitutional challenges to her conviction or sentence, she has waived the same because she does not allege ineffective assistance of counsel or prosecutorial misconduct. (*See generally* Mot.); *see In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("We have held that a defendant's informed and voluntary waiver of his right to collaterally attack his conviction and sentence is enforceable." (citations omitted)).

Even putting the waiver issue aside, Ms. Rawlins qualifies for payment of the fees. First, courts "shall assess on any person convicted of an offense against the

---

[2] The Plea Agreement also explicitly provides that "[t]he defendant understands that in addition to this mandatory $100 special assessment that will be imposed under 18 U.S.C. § 3013, the Court shall assess $5,000 … pursuant to 18 U.S.C. § 3014." (ECF No. 395, PAGEID # 1920.)

United States … in the case of a felony … the amount of $100 if the defendant is an individual." 18 U.S.C. § 3013(a)(2)(A). The imposition of that assessment is mandatory. *See United States v. Mann*, 7 F. App'x 424, 427 (6th Cir. 2001). Second, "in addition to the assessment imposed under section 3013," the JVTA requires courts to assess an amount of $5,000 for convictions under, *inter alia*, Chapter 77 of Title 18, which covers peonage, slavery, and human trafficking. *See* 18 U.S.C. § 3014(a)(1). Chapter 77 encompasses Ms. Rawlins's offense of conviction (18 U.S.C. § 1591). Accordingly, Ms. Rawlins's argument that she should not have to pay these fees plainly lacks merit.

## IV. CONCLUSION

For the above reasons, the Court will not deny Ms. Rawlins's Motion (ECF No. 734) as untimely, but the Court **DENIES** the Motion as patently meritless.

Under Rule 11 of the Rules Governing § 2255 Proceedings, the Court must consider whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). A petitioner who moves to vacate under § 2255 does not have an automatic right to appeal a district court's adverse decision unless the court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The district court makes the first determination as to whether to issue a certificate of appealability in appeals of § 2254 or § 2255 petitions. *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997).

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner

must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

When a constitutional claim has been rejected on the merits, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484; *see also United States v. Bartoli*, No. 21-4045, 2023 WL 5206446, at *4 (6th Cir. Aug. 14, 2023) (applying *Slack* when considering a certificate of appealability in a § 2255 case). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the movant establishes that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

Here, the Court is not persuaded that reasonable jurists would debate the denial of Ms. Rawlins's Motion. The Court therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**